a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BOBBY JOE HENDERSON, Petitioner | CIVIL DOCKET NO. 5:20-CV-1209-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 4) filed by *pro se* Petitioner Bobby Joe Henderson (#100206) ("Henderson"). Henderson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Franklin Parish Detention Center in Winnsboro, Louisiana. Henderson challenges his conviction in the Second Judicial District Court, Claiborne Parish.

Because Henderson's § 2254 Petition (ECF No. 4) is second and successive and he has not received authorization from the Fifth Circuit to file the Petition, it should be DISMISSED for lack of jurisdiction.

## I. Background

On February 22, 2012, Henderson pleaded guilty to one count of forcible rape. He was sentenced to 18 years of imprisonment at hard labor. ECF No. 4 at 1. The trial court ordered the sentence to run concurrently to an aggravated burglary

sentence Henderson was already serving. *See Henderson v. Warden*, 5:13-CV-02821 (W.D. La.), ECF No. 15.

Henderson did not appeal his conviction or sentence. *See id.* at ECF No. 1. He filed a habeas petition in this Court in 2013 claiming that: (1) he was subjected to double jeopardy; (2) his due process rights were violated; and (3) his right to a speedy trial was violated. *See id.* The Petition was dismissed with prejudice as time-barred. *See id.* at ECF No. 26. The United States Court of Appeals for the Fifth Circuit denied certificate of appealability. *Id.* at ECF No. 33.

Henderson filed another habeas petition in 2017. *Henderson v. Warden*, 5:17-CV-00630 (W.D. La.), ECF No. 1. Henderson alleged that: (1) the State breached the plea agreement; (2) the State withheld favorable evidence; (3) he was subjected to double jeopardy; (4) his plea was not voluntary; (5) the evidence was insufficient to support his conviction; (6) the State was vindictive and committed misconduct; and (7) he received ineffective assistance of counsel. *Id.* The Petition was dismissed for failing to exhaust the claims in state court. *Id.* at ECF No. 9. Henderson did not seek a certificate of appealability.

In his current Petition, Henderson raises claims raised in the prior habeas petitions. ECF No. 4.

## II. Law and Analysis

Henderson's first § 2254 Petition in this Court was adjudicated on the merits. *See Henderson v. Warden*, 5:13-CV-02821 (W.D. La.), ECF No. 15; *see* In re: *Kerry Myers*, Case #11-30001 (5th Cir. 4/7/2011) (citing *Steve D. Thompson Trucking, Inc.*

*v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045–46 (5th Cir. 1989) (a § 2254 petition dismissed with prejudice as time-barred is considered an adjudication on the merits)). Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* And "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Henderson raises claims that were raised in his first Petition, or could have been raised in that Petition. Therefore, his current Petition is second or successive.

As to any claims that were not raised in the first Petition, Henderson cannot meet the requirements to raise those claims now. Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant shows that the claim relies on a

3

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244. Henderson does not allege that his claims are based on any new rule of constitutional law that was previously unavailable.

Before a second or successive petition is filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Henderson has not obtained that authorization. Until such time as Henderson obtains authorization from the Fifth Circuit, this Court is without subject matter jurisdiction over his Petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

## III. Conclusion

Because Henderson's Petition (ECF No. 4) is second and successive and Henderson has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 4) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Henderson's claim.[1]

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

---

jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

5

whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED ON Thursday, November 19, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE